PER CURIAM.
Rollie O. Lovette is an inmate in Martin Correctional Institution. In November 2008, he filed[1] a petition for writ of mandamus seeking to compel the Department of Health (“Department”) to investigate a complaint he had filed against a physician in 2007.[2] The Department had deemed the complaint legally insufficient for failure to satisfy the requirements of inmate complaints against physicians employed by the Department of Corrections (“DOC”) or providing services in its facilities. Before the petition was heard on the merits, the Department re-reviewed Lovette’s complaint, realized the subject of the complaint neither works for DOC nor provides services in DOC prisons, determined the complaint is legally sufficient, and began an investigation into the allegations. Lovette *327 moved for costs[3] under section 57.041, Florida Statutes. Because the trial court erroneously denied Lovette’s motion finding that “court costs are not proper in actions such as this,” we reverse the denial and remand for further proceedings.
REVERSED and REMANDED.
WEBSTER, LEWIS and MARSTILLER, JJ., concur.

. Lovette filed the petition in the Fifth District Court of Appeal, which subsequently transferred the case to the Second Judicial Circuit Court.

. The Department stated in its response to the show cause order issued by the trial court that Lovette’s complaint was filed in 1997. But Lovette’s mandamus petition indicates the complaint was filed in 2007.

. A lien was placed on Lovette's prison trust account for court costs and fees since the mandamus action is not a collateral criminal proceeding. See § 57.085, Fla. Stat. (2007); Schmidt v. Crusoe, 878 So.2d 361, 363-64 (Fla.2003).